[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
CT Page 9679
FACTS
On February 23, 1994, the plaintiff fell on snow and ice that had accumulated on the sidewalk at her condominium complex, the Winding Hollow Condominiums. On November 22, 1995, the plaintiff filed this lawsuit against three defendants: Winding Hollow Condominiums (the condominium association); Myers Northeast Property Management (the management company); and Allied Snow Plowing Removal Sanding Services (the contractor). Regarding each defendant, the plaintiff alleges that the defendant was negligent in that it did not reasonably inspect and maintain the sidewalk in order to render it reasonably safe under the circumstances.
LAW AND ANALYSIS
Practice Book Section 384 states that a summary judgment shall be granted if the pleadings, affidavits and other proof submitted show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party.Connel v. Colwell, 214 Conn. 242, 246 (1990).
The pleadings, affidavits and other proof submitted make it clear that the association and the manager regarded the area where the plaintiff fell as a limited common area to be maintained by individual unit owners and not by the association, its manager or contractor. There is no dispute of fact that Allied Snow Plowing Removal Sanding Services was not hired to clear the particular sidewalk where all parties agree the slip and fall occurred. Accordingly, summary judgment is granted in favor of the defendant Allied Snow Plowing Removal Sanding Services Corporation.
The defendant Myers Northeast Property Management filed a request for admissions directed to the co-defendant Winding Hollow Owners Association, Inc., which request was dated September 16, 1996. In that request, the following question was posed:
(1) The by-laws of the Winding Hollow Owners CT Page 9680 Association, Inc. make it the responsibility of the individual unit owners to shovel, salt, sand and/or otherwise keep the sidewalk, where the plaintiff claims to have fallen, free from ice and snow.
Answer: Admitted.
 (2) The by-laws, referred to in the request for admission Number 1 were in effect at the time of the plaintiff's fall.
 Answer: Admitted
Since the condominium association which retained the management company as its agent admits that it believes there is no obligation to keep the sidewalk clear, the court finds no duty on the part of the defendant Myers Northeast Property Management Company to the plaintiff Margaret Joyce O'Connor. Accordingly, summary judgment is granted in favor of the defendant Myers Northeast Property Management.
As to the defendant Winding Hollow Owners Association, Inc., the court's view is that the matter is considerably more complicated. Winding Hollow's obligation to clear the sidewalks, if any, would appear to be determined by § 5.1(c) of the declaration and §§ 6.1 and 6.3 of the declaration.
Section 5.1(c) provides as follows:
 "Section 5.1 — Limited Common Elements, Generally. The following portions of the common elements are limited common element assigned to the units as stated; . . . . (c) stoops, steps, sidewalks, stairways and landings at the entrances to each unit, which provide access to such unit shall be limited to the unit to which they provide access; and . . . ."
Section 6.1, Common Elements, provides:
 "The association shall maintain, repair and replace all the common elements, except the portions of the limited common elements CT Page 9681 which are required by this declaration to be maintained, repaired or replaced by the unit owners."
Section 6.3, entitled Limited Common Elements, reads as follows:
 "Notwithstanding the provisions of § 6.1 and § 6.2, each unit owner shall be responsible for removing all snow, leaves and debris from all stoops, steps, sidewalks, patios, balconies, stairways and landings which are limited common elements appurtenant to his or her unit. If such limited common element is appurtenant to two or more units, the owners of those units shall be jointly responsible for such removal. . . ."
There is evidence that the association believes the area in question to be a limited common element. There is also the statement by the plaintiff that she does not believe it to be a common element. More importantly, there is a sketch in evidence which indicates that the location where the plaintiff fell could be viewed as showing that the area in question services two units or showing that it services more than two units.
As to the condominium association, the court finds that there is a question of fact whether the sidewalk in question is appurtenant to two units or more than two units. The answer to this factual question would determine the responsibility for maintenance under § 6.3 of the declaration of condominium.
Because the court finds a question of fact with regard to the number of units to which the sidewalk is appurtenant, the motion for summary judgment is denied as to the defendant Winding Hollow Owners Association, Inc.
KEVIN E. BOOTH, JUDGE.